# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BERNARD STOUT,

      Plaintiff,

v

      Case No. 19 -
      Hon.

COUNTY OF NEWAYGO,
DEPUTY JUSTIN VISSER,
and LIEUTENANT JOHN BORGMAN,
in their official and individual capacity,

      Defendants.

---

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

---

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, BERNARD STOUT, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., for his Complaint and Jury Demand against the above-named Defendants, states as follows:

## JURISDICTION

1.     This action arises under the United States Constitution, particularly under the provisions of the Fourth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and under the statutes and Model Penal Code of the State of Michigan.

2.     This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3), 1343(a)(4) and 42 U.S.C § 1983. This court has supplemental jurisdiction of the Michigan law state claims which arise out of the nucleus of operative facts common to Plaintiff's federal claims pursuant to 28 U.S.C. §1367.

3.     The amount in controversy exceeds seventy-five thousand dollars, excluding interests, costs, and attorney fees.

## VENUE

4.     Venue lies in the Western District of Michigan pursuant to 28 U.S.C § 1391(d), the events took place in the City of Newaygo, County of Newaygo, State of Michigan, which is located within the jurisdiction of the United States District Court for the Western District of Michigan, Southern Division.

## PARTIES

5.     At all times relevant to this lawsuit, Plaintiff, BERNARD STOUT, was a resident of the County of Newaygo, State of Michigan.

6.     At all times relevant hereto, Defendant COUNTY OF NEWAYGO ("NEWAYGO COUNTY") was a municipal corporation, duly organized in carrying on governmental functions in the County of Newaygo, State of Michigan, and one of the functions was to organize, operate, staff, train, and supervise the jail operations at the Newaygo County Jail.

7.     NEWAYGO COUNTY is responsible for, and does in fact, hire, train, supervise, and instruct its officers and/or jail personnel of all grades in the performance of their duties.

8.     At all times relevant hereto, DEPUTY JUSTIN VISSER was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a deputy for the Newaygo County Sheriff's Department.

9.     At all times relevant hereto, LIEUTENANT JOHN BORGMAN was a citizen of the State of Michigan and was acting under the color of state law within the course and scope of his employment as a Lieutenant for the Newaygo County Sheriff's Department and/or Jail.

## FACTUAL STATEMENT

10. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

11. On May 11, 2018 at around 8:00 p.m., Plaintiff, BERNARD STOUT, was on his way to meet his girlfriend at the Cronk's Motel located in Newaygo County.

12. Plaintiff, BERNARD STOUT, arrived at the hotel to discover his girlfriend with another male and an argument began.

13. Police were called and BERNARD STOUT became frightened when he heard the sirens and left the scene.

14. Soon after, BERNARD STOUT returned to the motel.

15. Defendant, DEPUTY JUSTIN VISSER, despite no resistance by Plaintiff, slammed BERNARD STOUT to the ground and then applied tremendous, excessive force to Plaintiff with an arm in Plaintiff's back and knee behind Plaintiff's head.

16. Being slammed onto the concrete pavement by Defendant DEPUTY JUSTIN VISSER caused Plaintiff to bleed out of his right ear and right side of his head.

17.     Defendant DEPUTY JUSTIN VISSER then threw Plaintiff BERNARD STOUT into the back of DEPUTY JUSTIN VISSER's patrol vehicle.

18.     While DEPUTY JUSTIN VISSER was driving to the Newaygo County station, Plaintiff, BERNARD STOUT was restrained and sitting in the back seat of the patrol vehicle.

19.     DEPUTY JUSTIN VISSER pulled the car over on M-37, pulled the still restrained Plaintiff, BERNARD STOUT, out of the vehicle, and proceeded to throw BERNARD STOUT to the ground.

20.     Defendant DEPUTY JUSTIN VISSER then foot-stomped Plaintiff's, BERNARD STOUT's, left shoulder as Plaintiff lay on the ground, still restrained.

21.     Defendant DEPUTY JUSTIN VISSER then threw BERNARD STOUT back into his patrol vehicle before driving him to the Newaygo County Jail.

22.     Plaintiff BERNARD STOUT was clearly injured and in physical distress due to Defendant DEPUTY JUSTIN VISSER's above actions, and upon arrival to the jail, jail personnel had BERNARD STOUT immediately taken to Spectrum Hospital for emergency treatment due to the severity of his injuries.

23.    Spectrum Hospital x-rays revealed a shattered left shoulder and referred BERNARD STOUT to orthopedic specialist Dr. Brian Hood.

24.    Defendant NEWAYGO COUNTY jail personnel did not take BERNARD STOUT to his scheduled appointment with Dr. Brian Hood and therefore Plaintiff missed his appointment.

25.    Plaintiff, BERNARD STOUT, complained of excruciating pain in his shoulder to Defendant LIEUTENANT JOHN BORGMAN.

26.    Defendant, LIEUTENANT JOHN BORGMAN, refused to allow Plaintiff to see the specialist to whom he was referred by Spectrum Hospital despite Plaintiff's repeated pleas.

27.    BERNARD STOUT, over the following three months in the jail, with a shattered shoulder and other injuries, was in obvious distress and verbally complaining to jail personnel of extreme pain.

28.    Plaintiff had over thirty medical kites over the three-month period and continued to complain of pain, but still was not taken to see a specialist or to the hospital and was not provided proper medical attention for his injuries.

29.    In approximately September of 2018, a Defendant NEWAYGO COUNTY jail physician found that BERNARD STOUT had four fractures.

{00696278.DOCX}

6

30.     Shortly after the findings in the above paragraph, it was finally approved for BERNARD STOUT to see Dr. Brian Hood.

31.     Dr. Brian Hood immediately found that BERNARD STOUT would need surgery.  On September 9, 2018, BERNARD STOUT had surgery on his shattered shoulder with a plate, bar, and pins inserted.

32.     Despite knowledge of BERNARD STOUT'S injury, shattered shoulder diagnosis by Spectrum Hospital, referral to a specialist by Spectrum Hospital, appointment made with a specialist, verbal and written complaints about extreme pain and need for medical treatment, BERNARD STOUT was not timely or properly examined or provided medical treatment as per policies and procedures.

33.     At all times relevant hereto, DEFENDANTS failed to timely and/or appropriately monitor BERNARD STOUT and his medical condition as is required of them by NEWAYGO COUNTY's own policies and procedures.

34.     At all times during the incarceration of BERNARD STOUT at the NEWAYGO COUNTY jail, BERNARD STOUT behaved in such a fashion that was highly evident that he needed urgent, appropriate, and aggressive medical treatment.  This includes repeatedly begging jail

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

personnel, including Defendant LIEUTENANT JOHN BORGMAN, to see a physician for his severe shoulder injury.

35. At all times relevant hereto, the Defendant NEWAYGO COUNTY jail personnel knew or should have known of BERNARD STOUT's serious medical conditions requiring urgent and aggressive medical treatment, specifically his shattered shoulder, four fractures, along with his other injuries.

36. At all times relevant hereto, NEWAYGO COUNTY jail personnel failed to initiate close observation of BERNARD STOUT, and/or take proper precautions to protect him, and/or take steps to properly and adequately monitor him.

37. NEWAYGO COUNTY LIEUTENANT JOHN BORGMAN ignored BERNARD STOUT's pleas for proper medical treatment for at least three months before taking him to see the orthopedic specialist, who quickly recognized that Plaintiff was suffering from a severe shoulder injury and performed surgery soon thereafter, and refused any and all requests, verbal and otherwise, for necessary post-surgical treatment.

38. At all times relevant hereto, Defendant JUSTIN VISSER, who was acting under the color of state law as a deputy employed by the

Newaygo County Sheriff's Department, directly caused Plaintiff, BERNARD STOUT's injuries as set forth herein.

39.     At all times relevant hereto, Defendant LIEUTENANT JOHN BORGMAN, who was acting under the color of state law as a Lieutenant employed by the Newaygo County Sheriff's Department, directly caused Plaintiff, BERNARD STOUT's injuries as set forth herein.

40.     At all times relevant hereto, the Defendant NEWAYGO COUNTY, that functions to organize, operate, staff, train, and supervise its officers and the jail operations at the Newaygo County Jail, directly and proximately caused BERNARD STOUT's injuries as set forth herein.

41.     Defendants are not entitled to governmental immunity and/or qualified immunity.

## COUNT I - 42 U.S.C § 1983-EXCESSIVE FORCE
## DEFENDANT DEPUTY JUSTIN VISSER

42.     Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

43.     At all times relevant hereto, Defendant DEPUTY JUSTIN VISSER was acting under the color of state law and in his capacity as a Newaygo County Sheriff's Deputy and his acts and/or omissions were conducted within the scope of his official duties and employment.

44.     Plaintiff, BERNARD STOUT, had the clearly established right under the Fourth and Fourteenth Amendment to be free from excessive force by law enforcement.

45.     Under all the circumstances known to Defendant DEPUTY JUSTIN VISSER, the physical force used against Plaintiff, BERNARD STOUT, was objectively unreasonable and clearly excessive when DEPUTY JUSTIN VISSER slammed Plaintiff BERNARD STOUT to the cement pavement with a knee to his back.

46.     Under all the circumstances known to Defendant DEPUTY JUSTIN VISSER, the physical force used against Plaintiff, BERNARD STOUT, was objectively unreasonable and clearly excessive when DEPUTY JUSTIN VISSER foot-stomped the restrained Plaintiff after throwing the restrained Plaintiff onto the ground.

47.     Defendant DEPUTY JUSTIN VISSER violated Plaintiff's clearly established right to be free from unreasonable and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the United States Constitution.

48.     At all times relevant hereto, and upon information and belief, Defendant DEPUTY JUSTIN VISSER had Plaintiff restrained with

handcuffs and nonetheless continued to use an unjustified amount of force against him.

49. At all times relevant hereto, Plaintiff, BERNARD STOUT, was unarmed and did not pose a threat to the safety of Defendants or others.

50. At all times relevant hereto, Plaintiff, BERNARD STOUT, was not a flight risk.

51. The misconduct of Defendant DEPUTY JUSTIN VISSER directly and proximately caused Plaintiff, BERNARD STOUT, to suffer numerous injuries including, but not limited to:

    a. Shattered left shoulder;
    b. Four arm fractures;
    c. Surgery involving fixation requiring a plate, bar, and pins;
    d. Head, neck and back injury;
    e. Pain and suffering;
    f. Anxiety;
    g. Mental anguish;
    h. Emotional distress;
    i. Fright and shock;
    j. Humiliation and/or mortification;
    k. Economic loss;
    l. Punitive damages;
    m. Exemplary damages;
    n. Attorney fees and costs pursuant to 42 U.S.C. §1988;
    o. Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
    p. Any other damages allowed by law.

52. The acts and/or omissions of Defendant DEPUTY JUSTIN VISSER were willful, wanton, reckless, malicious, oppressive, and/or done

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

with a conscious or reckless disregard for the constitutional rights of Plaintiff, BERNARD STOUT. Plaintiff therefore requests an award of punitive and exemplary damages. Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendant and in an amount in excess of seventy-five thousand dollars ($75,000) exclusive of costs, interest and attorney fees.

**COUNT II**
**ASSAULT AND BATTERY**
**DEFENDANT DEPUTY JUSTIN VISSER**

53. Plaintiff hereby reincorporates and reasserts each and every allegation set forth in the previous paragraphs of this Complaint.

54. At all times relevant hereto, Defendant, DEPUTY JUSTIN VISSER, made threatening statements and/or movements creating within Plaintiff a well-founded fear of imminent peril and/or contact.

55. Defendant, DEPUTY JUSTIN VISSER, had the apparent ability to carry out the act.

56. Defendant, DEPUTY JUSTIN VISSER, did physically carry out the act when he slammed the already restrained and unarmed

BERNARD STOUT onto the pavement with enough force to cause his head and ear to bleed, and then again when he kneed Plaintiff in the back.

57.   Defendant, DEPUTY JUSTIN VISSER, did physically carry out the act again when he threw Plaintiff onto the ground on the side of the highway.

58.   Defendant, DEPUTY JUSTIN VISSER, did physically carry out the act again when he stomped BERNARD STOUT's left shoulder with enough force to shatter it and cause multiple fractures.

59.   The misconduct of Defendant, DEPUTY JUSTIN VISSER, directly and proximately caused Plaintiff to suffer numerous injuries including, but not limited to, the damages set forth in paragraph 51 of this Complaint.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in his favor against Defendant and in an amount in excess of Seventy-Five Thousand Dollars ($75,000) exclusive of costs, interest and attorney fees.

## COUNT III
## DELIBERATE INDIFFERENCE TO MEDICAL NEEDS
## DEFENDANTS NEWAYGO COUNTY, LIEUTENANT JOHN
## BORGMAN, AND DEFENDANT DEPUTY JUSTIN VISSER

60.     Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

61.     At all times mentioned herein, Defendant, NEWAYGO COUNTY officers and jail personnel, including LIEUTENANT JOHN BORGMAN and DEPUTY JUSTIN VISSER, were acting under color of state law, and the ordinances, regulations, and/or customs of the NEWAYGO COUNTY Jail and Defendant NEWAYGO COUNTY.

62.     At all times relevant hereto, Defendant, NEWAYGO COUNTY jail personnel, including Defendant LIEUTENANT JOHN BORGMAN, and Defendant DEPUTY JUSTIN VISSER subjected BERNARD STOUT to a deprivation of his rights, privileges, and immunities, as secured by the Constitution and laws of the United States and State of Michigan.

63.     Pursuant to 42 U.S.C. § 1983, as well as the Eighth, and Fourteenth Amendments to the United States Constitution, Defendant NEWAYGO COUNTY, Defendant DEPUTY JUSTIN VISSER, and Defendant LIEUTENANT JOHN BORGMAN owed BERNARD STOUT

the duties to act prudently and with reasonable care, and otherwise to avoid cruel and unusual punishment.

64. Pursuant to the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution, the Civil Rights Acts, specifically 42 U.S.C. § 1983, a detainee like BERNARD STOUT had the right to medical treatment for serious medical needs while in custody as well as to be free from cruel and unusual punishment.

65. The conduct of Defendant NEWAYGO COUNTY, through its jail personnel and officers, including Defendant LIEUTENANT JOHN BORGMAN, and Defendant DEPUTY JUSTIN VISSER, deprived BERNARD STOUT of his clearly established rights, privileges, and immunities in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution and 42 USC § 1983.

66. Defendants NEWAYGO COUNTY, DEPUTY JUSTIN VISSER, and LIEUTENANT JOHN BORGMAN owed a duty to the general public, and specifically to BERNARD STOUT, to act prudently and with reasonable care in the formulation and/or execution of its policies and procedures relative to providing medical treatment to persons in custody and/or detainees, as well as to train, test, evaluate, review, and update its officers' and/or jail personnel's abilities to function in a reasonable manner

and in conformance with the laws of the United States and the State of Michigan relative to providing persons in custody and/or detainees with the appropriate and relevant medical attention to their known and well documented medical needs.

67.     Defendant NEWAYGO COUNTY, Defendant DEPUTY JUSTIN VISSER, and Defendant LIEUTENANT JOHN BORGMAN violated BERNARD STOUT's civil rights when they displayed deliberate indifference toward BERNARD STOUT's serious medical needs in the following ways:

   a.   Failure to properly train officers and jail personnel in the evaluation of whether a detainee needs medical treatment;

   b.   Failure to provide BERNARD STOUT with timely and/or immediate medical attention for a serious medical need;

   c.   Failure to assure that Defendant NEWAYGO COUNTY officers and/or jail personnel, including Defendant LIEUTENANT JOHN BORGMAN and Defendant DEPUTY JUSTIN VISSER, had Plaintiff examined and treated after he exhibited signs of a shattered shoulder, arm fractures, head injury, bleeding from the head, and verbally and otherwise expressing his excruciating pain;

   d.   Failure to assure that Defendant NEWAYGO COUNTY officers and/or jail personnel, including Defendant, LIEUTENANT JOHN BORGMAN and

Defendant JUSTIN VISSER, had Plaintiff examined and treated urgently, appropriately, and aggressively after he exhibited signs of shattered bones, excruciating pain, and was diagnosed with same by a hospital;

e. Failure to timely and/or appropriately take BERNARD STOUT to the orthopedic specialist to whom he was referred by Spectrum Hospital by making him miss his appointment and not allowing him to see the specialist, or receive any treatment whatsoever, until at least three months after his scheduled visit;

f. Failure to adequately monitor the well-being of BERNARD STOUT with knowledge that BERNARD STOUT suffered from shattered bones and numerous other injuries;

g. Failed to provide timely and/or immediate medical attention to BERNARD STOUT;

h. Allowing BERNARD STOUT to go months without treatment while desperately needing surgery, and then months without any proper post-surgical treatment, all while knowing that he was foot-stomped by a NEWAYGO COUNTY deputy and diagnosed with serious injuries including a shattered shoulder; and

i. Any and all other breaches that become known during the course of discovery which are hereby incorporated by reference.

68. The acts and/or omissions of Defendant NEWAYGO COUNTY, Defendant DEPUTY JUSTIN VISSER, and Defendant

LIEUTENANT JOHN BORGMAN violated the civil rights of BERNARD STOUT, which directly and proximately caused his severe injuries, and BERNARD STOUT is entitled to recover for all damages allowable under the law, including, but not limited to the following:

a.  Shattered left shoulder;
b.  Four arm fractures;
c.  Surgery involving fixation requiring a plate, bar, and pins;
d.  Head, neck, and back injury;
e.  Pain and suffering;
f.  Anxiety;
g.  Mental anguish;
h.  Emotional distress;
i.  Fright and shock;
j.  Humiliation and/or mortification;
k.  Economic loss;
l.  Punitive damages;
m.  Exemplary damages;
n.  Attorney fees and costs pursuant to 42 U.S.C. §1988;
o.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
p.  Any other damages allowed by law.

69.  The acts and/or omissions of Defendants NEWAYGO COUNTY, DEPUTY JUSTIN VISSER, and LIEUTENANT JOHN BORGMAN were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of BERNARD STOUT and Plaintiff therefore requests an award of punitive and exemplary damages against Defendants according to proof.

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

70.   Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

**WHEREFORE,** Plaintiff, BERNARD STOUT, respectfully requests this Honorable Court enter a judgment in his favor against Defendants NEWAYGO COUNTY, DEPUTY JUSTIN VISSER, and LIEUTENANT JOHN BORGMAN and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award for punitive damages.

## COUNT IV
## FAILURE TO TRAIN, INADEQUATE POLICIES AND/OR PROCEDURES, CUSTOMS, AND PRACTICES, AND FAILURE TO SUPERVISE – DELIBERATE INDIFFERENCE
## DEFENDANT NEWAYGO COUNTY

71.   Plaintiff hereby reincorporates and restates each and every allegation contained in the preceding paragraphs of this Complaint as if set forth herein.

72.   Pursuant to 42 USC § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendant NEWAYGO COUNTY owed BERNARD STOUT certain duties to properly supervise, monitor, and train its officers and jail personnel to supervise the jail's detainees so that they would detect serious medical conditions and facilitate prompt and proper medical attention.

73. Defendant NEWAYGO COUNTY breached these duties via its and/or absence thereof its policies, procedures, regulations, customs and/or lack of and/or inadequate training, and thus exhibited a deliberate indifference toward its detainees, and specifically toward BERNARD STOUT, when NEWAYGO COUNTY:

a. Failed to staff the jail with competent officers, and specifically, failed to ensure that jail personnel would respond competently to jail inmates who have urgent medical needs, specifically BERNARD STOUT who had shattered bones and was in urgent need of surgery;

b. Failed to staff and/or train officers and/or jail personnel who would respond competently to BERNARD STOUT's medical needs, including ensuring that he would be provided with necessary emergency treatment and be taken to necessary medical visits and/or by not obstructing his ability to be seen by an orthopedic specialist with whom he had scheduled, necessary appointments;

c. Failed to have policies, procedures, regulations, and/or customs to monitor and/or adequately monitor detainees, including but not limited to Plaintiff, whose obvious injuries and shattered bones of which they had been previously provided notice, and specifically in this case, where notice was provided by medical professionals;

d. Failed to have policies, procedures, regulations, and/or customs to monitor

FEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

and/or adequately monitor the well-being of detainees;

e.    Failed to ensure officers conduct timely and adequate physical jail cell checks on detainees to ensure the physical well-being of each detainee, and specifically BERNARD STOUT;

f.    Failed to have policies, procedures, regulations, and/or customs to monitor and/or adequately monitor detainees to ensure the well-being of each detainee, specifically BERNARD STOUT;

g.    Failed to provide training and/or adequate training to its officers and personnel to ensure the proper execution of policies, procedures, regulations, and/or customs to monitor and/or adequately monitor detainees to ensure the well-being of each detainee, specifically BERNARD STOUT;

h.    Failed to provide training and/or adequate training to its officers and personnel to recognize when detainees and/or persons in custody should be provided medical treatment and/or that detainees must be taken to scheduled doctor's appointments, especially in the case of an inmate with shattered bones such as BERNARD STOUT, and to recognize the signs of severe injuries and the need for immediate medical attention;

i.    Failed to supervise its officers to ensure that its policies, regulations, procedures, customs, are being properly executed and that each detainee's, and specifically, BERNARD STOUT's, constitutional rights are being protected;

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

j.     Failed to fully investigate and/or discipline and/or retrain its officers who do not abide by its policies, procedures, regulations and/or customs, if any, relative to recognizing the need for medical care and providing immediate medical attention to detainees; and

k.     All other breaches learned through the course of discovery which are hereby adopted by reference.

74.    The acts and/or omissions of Defendant NEWAYGO COUNTY violated the civil rights of BERNARD STOUT, which directly and proximately caused his severe injuries and entitling BERNARD STOUT to recover for all damages allowable under the law, including, but not limited to the following:

a.  Shattered left shoulder;
b.  Four arm fractures;
c.  Surgery involving fixation requiring a plate, bar, and pins;
d.  Head, neck, and back injury;
e.  Pain and suffering;
f.  Anxiety;
g.  Mental anguish;
h.  Emotional distress;
i.  Fright and shock;
j.  Humiliation and/or mortification;
k.  Economic loss;
l.  Punitive damages;
m.  Exemplary damages;
n.  Attorney fees and costs pursuant to 42 U.S.C. §1988;
o.  Other damages, injuries, and consequences that are found to be related to the incident that develops during the course of discovery; and
p.  Any other damages allowed by law.

75.   The acts and/or omissions of Defendant NEWAYGO COUNTY were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of BERNARD STOUT and Plaintiff therefore requests an award of punitive and exemplary damages against Defendants according to proof.

76.   Plaintiff has retained private counsel to represent him in this matter and is entitled to an award of attorney fees and costs.

**WHEREFORE,** Plaintiff, BERNARD STOUT, respectfully requests this Honorable Court enter a judgment in his favor against Defendant and award an amount in excess of Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest, and attorney fees, as well as an award for punitive damages.

Respectfully submitted,

/s/ David A. Dworetsky
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

Dated: May 20, 2019

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BERNARD STOUT,

     Plaintiff,

v

COUNTY OF NEWAYGO,
DEPUTY JUSTIN VISSER,
and LIEUTENANT JOHN BORGMAN,
in their official and individual capacity,

     Defendants.

Case No. 19 -
Hon.

---

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

---

## DEMAND FOR TRIAL BY JURY

Plaintiff, BERNARD STOUT, by and through his attorneys, FIEGER, FIEGER, KENNEY & HARRINGTON, P.C., hereby demands a trial by jury in the above-captioned matter.

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Respectfully submitted,

/s/ David A. Dworetsky
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
*Fieger, Fieger, Kenney & Harrington, P.C.*
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
d.dworetsky@fiegerlaw.com

Dated: May 20, 2019